989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl JONES, Petitioner/Appellant,
v.
Kenneth MCGINNIS, Respondent/Appellee.
 No. 92-1969.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1993.*
Decided March 11, 1993.
 
 1
 Before POSNER and KANNE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge
 
 ORDER
 
 2
 In 1985 police officers brought Carl Jones to the station for questioning about an armed robbery at the Illinois Institute of Technology. The officers warned Jones of his constitutional rights and he asked to have a lawyer, at which time the officers ended their questioning. The police also suspected Jones to be involved in similar robberies at the same school that happened in 1984. The day after they first questioned Jones they brought him to another station to stand in a line-up in connection with the investigation of the 1984 robberies. The line-up never took place so the officers planned to return Jones to the first station. While Jones waited for transportation back to the other station with Detective Glynn, Jones said, "Can I talk to you? This is bullshit. We were not supposed to get caught." Thinking that Jones was referring to the 1985 robbery, Glynn again warned Jones of his constitutional rights. Jones then told Glynn about his involvement in the 1984 robberies.
 
 
 3
 Jones eventually was tried and convicted for the 1985 armed robbery. The trial court, prior to trial, had denied Jones's motion to suppress the statements about the 1984 robbery, which Jones urged should not be used because they were uttered to Detective Glynn while Jones was without representation by counsel. The court denied the motion because it found that Jones had initiated the conversation with Glynn in which he made the statements that he now sought to suppress. The court sentenced him to two concurrent sentences of 15 years. Although the prosecutors did not use Jones's statements about the 1984 robberies against him during the trial, the court did consider his statements in determining his sentence.
 
 
 4
 Jones argued to the state appellate court that, although he had started the conversation with Glynn about the 1985 robberies, he intended only to waive his right to counsel for the questioning about the 1985 robberies, not his right to counsel for the questioning about the 1984 robberies. The court found that by starting up the conversation with Glynn, Jones had waived the previously asserted right to counsel for questioning about the 1984 robberies. After the Illinois Supreme Court declined to hear Jones's appeal, he petitioned the federal court for a writ of habeas corpus. 28 U.S.C. § 2254. Jones repeated his argument that his waiver of his right to counsel was a limited one, meant to apply only to questions regarding the 1985 robbery. The court denied this petition based on its conclusion that Jones's comments to Glynn indicated that Jones "initiated the contact resulting in his admissions to the 1984 robbery."
 
 
 5
 Jones repeats his arguments in the case before us. He argues that his waiver of his right to counsel was a limited one, and that the use of his unconstitutionally obtained statements to enhance his sentence was itself a violation of the Constitution. There is no dispute that Jones, when first questioned, invoked Miranda and asserted his right to counsel, and that that invocation put an end to the questioning by the police. Nor is there dispute that Jones initiated the conversation with Glynn in which he made the statements here at issue. The only question, therefore, is whether by initiating contact with Glynn, Jones waived his right to be represented by counsel while telling Glynn about his involvement in the 1984 robberies.
 
 
 6
 Under Edwards v. Arizona, 451 U.S. 477, 484-85 (1981), police questioning of a suspect must stop once the suspect has invoked his right to counsel. The suspect, however, loses the protection of this rule if he initiates any "further communication, exchanges, or conversations with the police." Id. at 485. This exception to the rule applies with equal force when the suspect decides to talk about investigations other than the one for which he first invoked his right to counsel. Arizona v. Roberson, 486 U.S. 675, 687 (1987). We must presume as correct the state court's factual finding that Jones waived his right to counsel while discussing the 1984 robberies with Glynn. 28 U.S.C. § 2254(d); Wright v. West, 112 S.Ct. 2482, 2491 (1992); Lewis v. Huch, 964 F.2d 670, 674-75 (7th Cir.1992) (question of waiver of constitutional rights is a factual issue). Jones can overcome this presumption only by showing one of the deficiencies in the state-court proceeding enumerated at § 2254(d). Jones does not claim that any of these deficiencies were present here, and the state court's factual finding supports the conclusion that Jones waived his constitutional right to counsel. Under Edwards and Roberson, therefore, we can not say that the use of Jones's statements at his sentencing violated the Constitution.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs